779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAYMOND TOROK, Plaintiff-Appellant
v.
ELAINE TOROK,
 84-3214
 United States Court of Appeals, Sixth Circuit.
 10/29/85
 
 REVERSED AND REMANDED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MERRITT and MARTIN, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this section 1983 case arising from a divorce property settlement order requiring plaintiff husband to make certain payments to defendant, his former wife, the District Court held that the defendant did not act 'under color of state law' within the meaning of the language of section 1983 when she caused plaintiff to be arrested for nonpayment of support. We have before us only the 'color of state law' issue and no issue has been presented respecting the constitutionality of the claimed deprivation or adequacy of state remedies under Wilson v. Beebe, Nos. 82-1362, 82-1385 (August 12, 1985).
 
 
 2
 Since, on the basis of the record before us, no claim is made or facts alleged indicating that defendant did not initiate the arrest by invoking established state legal procedures in domestic relations cases rather by 'private misuse' or improper or unauthorized use of state procedures, we must hold, in light of our recent decision in Hooks v. Hooks, No. 84-5043, slip op. at 13 (6th Cir. Aug. 23, 1985), that the District Court erred in its interpretation of Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). Both plaintiff and defense counsel advised us at oral argument that plaintiff's arrest occurred as a result of the application of ordinary procedures routinely followed in domestic relations cases.
 
 
 3
 On September 3, 1981, the state domestic relations court ordered plaintiff to pay defendant $19,932 as property settlement plus $170.42 for medical expenses, $300 for alimony arrearages and $500 for attorney's fees. The Order provides that 'in the event it is made to appear to the court within one year by affidavit . . . that the above Order of the court is not being complied with, a citation Capias shall immediately issue . . . without further notice . . ..' Plaintiff had apparently paid $19,932 to defendant two days before this Order, but he apparently had not paid the remaining amounts. The day after the state court's order was entered, the defendant filed an affidavit in state court stating that appellant had not fully complied with the court's order. On the basis of the affidavit the court ordered that the capias be issued and plaintiff was arrested and temporarily incarcerated pursuant to this citation.
 
 
 4
 Under Lugar v. Edmondson Oil, supra, the 'under color of state law' element of section 1983 is satisfied if the conduct allegedly causing the deprivation of a claimed federal right is 'fairly attributable' to the state. This test is met if:
 
 
 5
 First, the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.
 
 
 6
 457 U.S. at 937. See also Duncan v. Peck, 752 F.2d 1135, 1140-41 (6th Cir. 1985).
 
 
 7
 In Lugar the Supreme Court held in the context of a pre-judgment attachment of property based on ex parte application that a private applicant is a state actor when he causes state officials to attach property. The instant case does not involve the pre-judgment attachment of property based on ex parte application but rather the post judgment arrest of plaintiff pursuant to an ex parte application. In Lugar the state's participation in the private party's actions consisted of: (1) the legislature's enactment of the pre-judgment attachment scheme; (2) the state court clerk's issuance of the writ of attachment; and (3) the sheriff's attachment of the property. In the present case, the state's participation with the defendant consists of: (1) the judge's issuance of an order, in accordance with established state domestic relations practice, allowing defendant to submit an affidavit which, without notice to plaintiff, would form the basis for his arrest upon the issuance of a 'citation capias'; (2) the judge's issuance of the 'citation capias'; and (3) the deputy sheriff's arrest of plaintiff.
 
 
 8
 Our Court has recently interpreted the Lugar standards in the domestic relations context. In Hooks v. Hooks, 84-5043, Slip Op. at 13 (6th Cir. Aug. 23, 1985), decided after the District Judge's opinion in this case, Judge Kennedy, writing for the panel, held that a private party acted under 'color of state law' when he allegedly participated with employees of the State Department of Human Services and the county sheriff to deprive the section 1983 plaintiff of the custody of her children. Judge Kennedy based the court's holding on Lugar's theory of joint participation with state actors thereby indicating that the Lugar test should be applied in the domestic relations context:
 
 
 9
 If any or all of the Tennessee defendants deprived the plaintiff of the custody of her children without due process, liability under Sec. 1983 could extend to Stephen Hooks as well, Lugar, 457 U.S. at 942 (private party initiating attachment procedure under state law later successfully challenged as unconstitutional acts under color of state law and is liable for participating in deprivation), although at trial he would not necessarily be foreclosed from asserting an affirmative defense of good faith, id. at 942 n. 23.
 
 
 10
 In light of our Court's interpretation of Lugar in the Hooks case, we must reverse the decision of the District Court dismissing plaintiff's action under Rule 12(b)(6), Fed. R. Civ. Pro. as failing to state a 'color of state law' claim under section 1983. The judgment of the District Court is therefore reversed and the case remanded to the District Court for further proceedings consistent with this opinion.[1]
 
 
 
 [1]
 The Court indicates no opinion as to whether a constitutional deprivation has occurred or whether the state's procedures violate due process of law. These issues remain for decision in the District Court. Neither does the Court express any opinion respecting whether the District Court should abstain in favor of ongoing state court proceedings arising out of the same arrest incident. The parties have neither briefed nor presented to the Court any abstention issue, although, upon inquiry, the Court learned that there is apparently some type of state court proceeding now under way between the same parties arising out of the same arrest incident